UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| United States of America, | No. 19-cr-20429 |
| Plaintiff, | Hon. David M. Lawson |
| v. | |
| | Offense: |
| Robert Bernard Giggie, | 18 U.S.C. § 922(o) |
| | Illegal Possession of a Machine Gun |
| Defendant. | **Maximum Penalty:** |
| _____/ | 10 years (Count 1) |
| | **Maximum Fine:** |
| | Not to exceed $250,000 |
| | **Mandatory Supervised Release:** |
| | Up to 3 years |

## Rule 11 Plea Agreement

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Robert Bernard Giggie and the government agree as follows:

1. **Guilty Plea**

    A. **Count of Conviction**

    Defendant will enter a plea of guilty to Count One of the Information, which charges him with illegal possession of a machine gun, in violation of Title 18, United States Code, Section § 922(o).

B. **Elements of Offense**

The elements of Count One are as follows:

1. That the defendant knowingly possessed a "machinegun," as defined by Title 18, United States Code, Section 921(a), and Title 26, United States Code, Section 5845(a); and

2. That the defendant knew, or was aware of, the essential characteristics of the firearm that made it a "machinegun."

C. **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty plea:

On September 30, 2018, at a firing range in Lapeer, Michigan, investigators saw the defendant, Robert Bernard Giggie, in possession of a black bullpup-style rifle, later identified as a .223 Remington caliber/5.56x45mm Bushmaster rifle, Model M17S. Giggie handed this firearm to another individual, who fired it. Law enforcement officers witnessed the rifle fire at a rapid rate in an apparently fully automatic function. After he left the range in his vehicle, Giggie was stopped by law enforcement officers, and a search of his vehicle revealed the aforementioned Bushmaster rifle. Giggie admitted ownership and possession of the rifle.

An FBI laboratory examination of this rifle determined that it could operate as either a semiautomatic or fully automatic firearm, depending on the placement of

the rear pushbutton take-down pin. When the pin was pushed towards the right side of the rifle, it functioned as designed, as a semiautomatic rifle. When the pin was pushed towards the left side of the rifle, it operated as a fully automatic rifle, meaning that it shot automatically more than one shot, without manual reloading, by a single function of the trigger.

When he possessed this rifle on September 30, 2018, Giggie was aware of the essential characteristics of the firearm that made it a machinegun. He made statements exhibiting this awareness to the other individual who was with him at the range that day, and law enforcement officers witnessed and recorded these statements.

2. **Sentencing Guidelines**

   A. **Standard of Proof**

   The Court will find sentencing factors by a preponderance of the evidence.

   B. **Agreed Guideline Range**

   There are no sentencing guideline disputes. Except as provided below, the guideline range is 18-24 months, as set forth on the attached worksheets. If the Court finds:

   > 1. That defendant's criminal history category is higher than reflected on the attached worksheets, or

    2. that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than 18-24 months, the higher guideline range becomes the **agreed range**. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different from any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections 1) and 2), above.

3. **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A.  **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

B.  **Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is 3 years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

C.  **Special Assessment**

Defendant will pay a special assessment of $100.00 at the time of sentencing.

D.  **Fine**

There is no agreement as to fines.

E.  **Restitution**

Restitution is not applicable to this case.

4.  **Other Charges**

If the Court accepts this agreement, the government will not bring additional charges against defendant based on any of the conduct reflected in the discovery provided to the defendant to date.

5.  **Forfeiture of Firearms**

Defendant agrees, pursuant to 18 U.S.C. § 924(d) to the forfeiture of the following firearms as property involved in violations of 18 U.S.C. § 922(g):

>   1. .223 Remington caliber/5.56x45mm Bushmaster rifle, Model M17S

With respect to the above identified firearms contained within this agreement, the Defendant agrees to the entry of one or more orders of forfeiture of his interest in such property upon application by the United States at, or any time before, his sentencing in this case.

In entering into this agreement with respect to forfeiture, Defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the court to advise him of his rights with respect to

forfeiture, set forth in Fed.R.Crim.P. 11(b)(1)(J). Defendant also expressly waives his right to have a jury determine the forfeitability of his interest in the above identified firearms as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

6. **Stipulated Special Condition of Supervised Release**

Defendant acknowledges that the following special condition of supervised release, or an equivalent condition requiring participation in the Computer/Internet Monitoring Program, may be imposed and, by entering into this agreement, waives any objection to its imposition by the court at the time of sentencing:

"The defendant must participate in the Computer/Internet Monitoring Program (CIMP) administered by the United States Probation Department. The defendant must abide by the Computer/Internet Monitoring Program Participant Agreement in effect at the time of supervision and comply with any amendments to the program during the term of supervision. Due to the advances in technology, the Court will adopt the amendments to the Computer/Internet Monitoring Program as necessary. For the purpose of accounting for all computers, hardware, software and accessories, the defendant shall submit his person, residence, computer and/or vehicle to a search conducted by the U.S. Probation Department at a reasonable time and manner. The defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition. The defendant shall provide

the probation officer with access to any requested financial information including billing records (telephone, cable, internet, satellite, etc.)."

7. **Each Party's Right to Withdraw from This Agreement**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Paragraph 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Paragraph 3.

8. **Appeal Waiver**

If the sentence imposed falls within the guideline range recommended by the defendant in Paragraph 2B, above, defendant waives any right to appeal his conviction. Defendant retains his right to directly appeal the Court's adverse determination of any disputed sentencing issue that was raised at or before the sentencing hearing. The government agrees not to appeal any sentence within the guideline range it has recommended in Paragraph 2B, but retains the right to appeal any determination by the Court to apply a lower range or to impose a sentence below the guideline range that is unreasonable.

This waiver does not bar filing a claim of ineffective assistance of counsel in court.

9. **Consequences of Withdrawal of Guilty Plea or Vacation of Conviction**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

10. **Collateral Consequences of Conviction**

Defendant understands that his conviction here may carry additional consequences under federal and state law, including the potential loss of the right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. Defendant further understands that, if he is not a native-born citizen of the United States, there may be adverse immigration consequences resulting from conviction. These include possible

removal from the United States, denial of citizenship, denaturalization, denied admission to the United States in the future and other possible consequences. Defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of defendant's conviction on any of these matters. Defendant nevertheless affirms that he chooses to plead guilty regardless of any immigration consequences or other collateral consequences of his conviction.

11.  **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

12.  **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

13. **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on 08/13/2019. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

MATTHEW SCHNEIDER
United States Attorney

_/s/ Cathleen M. Corken_  
Cathleen M. Corken
Assistant United States Attorney
Chief, National Security

_/s/ Benjamin C. Coats_  
Benjamin C. Coats
Assistant United States Attorney

Date: 08/12/2019

- 12 -

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

_____
John Freeman
Attorney for Defendant

8/13/19
Date

_____
Robert Bernard Giggie
Defendant

8/13/19
Date

# WORKSHEET A
## OFFENSE LEVEL

Defendant: Robert Bernard Giggie

District/Office: Eastern District of Michigan

Docket Number: _____

Count Number(s): 1

U.S. Code Title & Section: 18 : 922(o) ; ___ : ___

*Guidelines Manual* Edition Used: 2018 (*Note:* The Worksheets are keyed to the November 1, 2016 *Guidelines Manual*)

### INSTRUCTIONS

Complete a separate Worksheet A for each count of conviction or as required in a situation listed at the bottom of Worksheet B.*
*Exceptions*: Use only a single Worksheet A where the offense level for a group of closely related counts is based primarily on aggregate value or quantity (*see* §3D1.2(d)) or where a count of conspiracy, solicitation, or attempt is grouped with a substantive count that was the sole object of the conspiracy, solicitation, or attempt (*see* §3D1.2(a) & (b)).

### 1. Offense Level (See Chapter Two)
Enter the applicable base offense level and any specific offense characteristics from Chapter Two and explain the bases for these determinations. Enter the sum in the box provided.

| Guideline | Description | Level |
|---|---|---|
| 2K2.1(a)(5) | Base offense level | 18 |
| | | |
| | | |
| | | |

If the Chapter Two guideline requires application of a cross reference or other reference, an additional Worksheet A may be needed for that analysis. *See* §1B1.5.

Sum: 18

### 2. Victim-Related Adjustments (See Chapter Three, Part A)
Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".

§ _____ 0

### 3. Role in the Offense Adjustments (See Chapter Three, Part B)
Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If the adjustment reduces the offense level, enter a minus (–) sign in front of the adjustment. If no adjustment is applicable, enter "0".

§ _____ 0

### 4. Obstruction Adjustments (See Chapter Three, Part C)
Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".

§ _____ 0

### 5. Adjusted Offense Level
Enter the sum of Items 1–4. If this Worksheet A does not cover all counts of conviction or situations listed at the bottom of Worksheet B, complete Worksheet B. Otherwise, enter this result on Worksheet D, Item 1.

18

[✓] Check here if **all** counts (*including* situations listed at the bottom of Worksheet B)* are addressed on this one Worksheet A. If so, no Worksheet B is used.

[✓] If the defendant has no criminal history, enter "I" here and on Worksheet D, Item 4. No Worksheet C is used.

U.S. Sentencing Commission Worksheets (November 1, 2016)

# WORKSHEET D
## DETERMINING THE SENTENCE
[Page 1 of 4]

Defendant  Robert Bernard Giggie                           Docket Number _____

1. **Adjusted Offense Level** (From Worksheet A or B)
   If Worksheet B is required, enter the result from Worksheet B, Item 9. Otherwise, enter the result from Worksheet A, Item 5.  
   **18**

2. **Acceptance of Responsibility** (See Chapter Three, Part E)
   Enter the applicable reduction of **2** or **3** levels. If no adjustment is applicable, enter "0".  
   **−3**

3. **Offense Level Total** (Item 1 less Item 2)  
   **15**

4. **Criminal History Category** (From Worksheet A or C)
   Enter the result from Worksheet C, Item 8, unless the defendant has no criminal history, and as directed at the bottom of Worksheet A, no Worksheet C is used and "I" is entered here.  
   **I**

5. **Terrorism; Career Offender; Criminal Livelihood; Armed Career Criminal; Repeat and Dangerous Sex Offender** (See Chapter Three, Part A, and Chapter Four, Part B)

   a. **Offense Level Total**
      If the provision for Career Offender (§4B1.1), Criminal Livelihood (§4B1.3), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in an offense level total higher than Item 3, enter the offense level total. Otherwise, enter "N/A".

   b. **Criminal History Category**
      If the provision for Terrorism (§3A1.4), Career Offender (§4B1.1), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in a criminal history category higher than Item 4, enter the applicable criminal history category. Otherwise, enter "N/A".

6. **Guideline Range from Sentencing Table**
   Enter the applicable guideline range from Chapter Five, Part A, in months.  
   **18** to **24**

7. **Restricted Guideline Range** (See Chapter Five, Part G)
   If the statutorily authorized maximum sentence or the statutorily required minimum sentence restricts the guideline range (Item 6) (see §§5G1.1 and 5G1.2), enter either the restricted guideline range or any statutory maximum or minimum penalty that would modify the guideline range. Otherwise, enter "N/A".  
   ___ to ___

   ☐ Check here if §5C1.2 (Limitation on Applicability of Statutory Minimum Penalties in Certain Cases) and 18 U.S.C. § 3553(e) – "The Safety Valve" – are applicable.

8. **Undischarged Term of Imprisonment; Anticipated State Term of Imprisonment** (See §5G1.3)

   ☐ If the defendant is subject to an undischarged term of imprisonment, or an anticipated state term of imprisonment, check this box. Below list the undischarged/anticipated term(s), the applicable section of §5G1.3 and its direction or guidance as to whether the instant federal sentence is to be imposed to run concurrently or consecutively to the undischarged/anticipated term(s), and any sentence adjustment.

# Worksheet D — Determining the Sentence [Page 2 of 4]

Defendant: Robert Bernard Giggie      Docket Number: _____

## 9. Sentencing Options (See Chapter Five, Sentencing Table and §§5B1.1(a) and 5C1.1)

Check the applicable box that corresponds to the Guideline Range entered in Item 6 or Item 7, if applicable.

☐ **Zone A** (See §§5B1.1(a)(1) & 5C1.1(a) & (b))

If checked, the following options are available:
- Fine (See §§5C1.1(b) & 5E1.2(a))
- "Straight" Probation (See §§5B1.1(a)(1) & 5C1.1(b))
- Imprisonment (See §5C1.1(a) & (c)(1))

☐ **Zone B** (See §§5B1.1(a)(2) & 5C1.1(a) & (c))

If checked, *the minimum term may be satisfied by:*
- Imprisonment (See §5C1.1(a) & (c)(2))
- Imprisonment of *at least one month plus supervised release* with a condition that substitutes community confinement or home detention for imprisonment (See §5C1.1(c)(2))
- Probation with a condition that substitutes intermittent confinement, community confinement, or home detention for imprisonment (See §§5B1.1(a)(2) and 5C1.1(c)(3))

☐ **Zone C** (See §5C1.1(a) & (d))

If checked, *the minimum term may be satisfied by:*
- Imprisonment (See §5C1.1(a) & (d)(1))
- Imprisonment of *at least one-half of the minimum term plus supervised release* with a condition that substitutes community confinement or home detention for imprisonment (See §5C1.1(d)(2))

☑ **Zone D** (See §5C1.1(a) & (f))

If checked, *the minimum term is to be satisfied by* a sentence of imprisonment

## 10. Length of Term of Probation (See §5B1.2)

If probation is imposed, the guideline for the length of such term of probation is: (Check the applicable box)

☑ At least one year, but not more than five years if the offense level total is 6 or greater.

☐ No more than three years if the offense level total is 5 or less.

# Worksheet D — Determining the Sentence [Page 3 of 4]

Defendant  Robert Bernard Giggie                    Docket Number _____

## 11. Supervised Release (See §§5D1.1 and 5D1.2)

    a.  **Imposition of a Term of Supervised Release:**

- [ ] Ordered because required by statute (See §5D1.1(a)(1)).

- [ ] Ordered because a sentence of imprisonment of more than one year is imposed (See §5D1.1(a)(2)).

- [ ] Is **not** ordered although a sentence of more than one year is imposed, because it is not required by statute **and** the defendant likely will be deported after imprisonment (See §5D1.1(c)).

- [ ] Ordered because it may be ordered in any other case (See §5D1.1(b)).

    b.  **Length of Term of Supervised Release**

        Check the Class of the Offense:

- [ ] Class A or B Felony: Two to Five Year Term (See §5D1.2(a)(1))

- [x] Class C or D Felony: One to Three Year Term (See §5D1.2(a)(2))

- [ ] Class E Felony or Class A Misdemeanor: One Year Term (See §5D1.2(a)(3))

- [ ] If a statutorily required mandatory minimum term of supervised release for the offense impacts the guideline range for the applicable Class of Offense above, also check this box, and list the statutory minimum term (See §5D1.2(c)):

    _____ years mandatory minimum term of supervised release

- [ ] If an offense in 18 U.S.C. § 2332b(g)(5)(B) that resulted in, or created a foreseeable risk of, death or serious bodily injury to another person; or if a sex offense, the term of supervised release will not be less than the minimum term established above, and may be up to life (See §5D1.2(b)).

Policy Statement: If a sex offense, the *statutory maximum term* of supervised release is recommended.

## 12. Restitution (See §5E1.1)

    a.  If restitution is applicable, enter the amount. Otherwise enter "N/A" and the reason:
N/A

    b.  Enter whether restitution is statutorily mandatory or discretionary:

    c.  Enter whether restitution is by an order of restitution, or **solely** as a condition of supervision. Enter the authorizing statute:

# Worksheet D — Determining the Sentence [Page 4 of 4]

Defendant: Robert Bernard Giggie　　　Docket Number: _____

### 13. Fines (The Guideline Range for Fines for Individual Defendants) (See §5E1.2)

**a. Special Fine Provisions**　　　　　　　　　　　　　Minimum　　Maximum

☐ Check box if any of the counts of conviction is for a statute with a special fine provision. (This *does not* include the general fine provisions of 18 USC § 3571(b)(2) & (d)).

Enter the sum of statutory maximum fines for all such counts.　　　　$ ____

**b. Fine Table (§5E1.2(c)(3))**
Enter the minimum and maximum fines.　　　　$7,500　　$75,000

**c. Fine Guideline Range**
(Determined by the minimum of the Fine Table (Item 13(b)) and the greater maximum above (Item 13(a) or 13(b))).　　　　$7,500　　$75,000

**d. Ability to Pay**

☐ Check this box if the defendant does not have an ability to pay.

### 14. Special Assessments for Individual Defendants (See §5E1.3)

Enter the total amount of the statutory special assessments required for all counts of conviction:
- $100 for each felony count of conviction.
- $25 for each Class A misdemeanor count of conviction.
- While not subject to guideline sentencing, the special assessments for a Class B misdemeanor, and a Class C misdemeanor or infraction are $10 and $5 per count, respectively.

**TOTAL:** $100

### 15. Factors That May Warrant a *Departure* (See §1B1.1(b))

Consider Chapter Five, Part H (Specific Offender Characteristics) and Part K (Departures), and other policy statements and commentary in the *Guidelines Manual* that might warrant consideration in sentencing. (*See also* the "List of Departure Provisions" included in the *Guidelines Manual* after the Index).

_____
_____
_____
_____

### 16. Factors That May Warrant a *Variance* (See §1B1.1(c))

Consider the applicable factors in 18 U.S.C. § 3553(a) taken as a whole.

_____
_____
_____
_____

Completed by: Benjamin C. Coats, AUSA　　　　Date: April 12, 2019